**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6436

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD WILLIAM LINDSEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:94-cr-00139-GCM-1; 3:99-cv-00133-GCM)

Submitted:  January 23, 2025                    Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Reginald William Lindsey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald William Lindsey seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60(b) motion for relief from the court's 1999 order denying relief on his 28 U.S.C. § 2255 motion and denying his Fed. R. Civ. P. 59(e) motion seeking reconsideration of that denial. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a party satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We conclude that a certificate of appealability is not warranted, as reasonable jurists could not find debatable the district court's finding that Lindsey's Rule 60(b) motion alleging fraud on the court was untimely because it was filed more than one year after the order it sought to vacate. *See* Fed. R. Civ. P. 60(b)(3) (permitting relief from final judgment or order for fraud), (c)(1) (providing that motion under Rule 60(b)(3) must be made no more than a year after entry of the challenged order). To be sure, Rule 60(d)(3) permits a district court to "exercise its inherent equitable powers to obviate a final judgment after

2

one year for fraud on the court." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135-36 (4th Cir. 2014) (internal quotation marks omitted).  However, while Rule 60(d)(3) creates an exception to the one-year limitations period for claims of fraud on the court, it is nevertheless a "concept that should be construed very narrowly lest it entirely swallow up Rule 60(b)(3)," and it contemplates only egregious forms of fraud that "cannot necessarily [be] expect[ed] to be exposed by the normal adversary process."  *Id.* at 136 (internal quotation marks omitted).  Lindsey offers no reason why the alleged fraud could not have been discovered during the normal course of litigation.  Further, Lindsey's expressed desire to pursue a claim of actual innocence is not accompanied by any evidence supporting that claim, nor any facts establishing that he could not have raised the issue earlier.

We therefore conclude that Lindsey has not made the requisite showing for issuance of a certificate of appealability.  Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3